**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Remmill J. Valenzuela<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–3135<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | District of New Jersey | |
| Case number: | 14–34366–SLM | |

# Order of Discharge                                                                                                                  12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Remmill J. Valenzuela

6/12/20                                                                    **By the court:** Stacey L. Meisel
                                                                                                        United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 14-34366-SLM
Remmill J. Valenzuela                                                   Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2         User: admin            Page 1 of 1              Date Rcvd: Jun 12, 2020
                             Form ID: 3180W         Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 14, 2020.
db              +Remmill J. Valenzuela,    346 Kennedy Blvd,    Bayonne, NJ 07002-1387
aty             +Joel A. Ackerman,    Zucker Goldberg & Ackerman,    200 Sheffield Street,    Suite 301,
                  Mountainside, NJ 07092-2315
aty             +Nicholas Fitzgerald,    Fitzgerald and Associates,    649 Newark Avenue,
                  Jersey City, NJ 07306-2341
515206052       +Loan Wolf LLC,    40 Fox Hill Road,    Pound Ridge, NY 10576-1908
515423673       +MidFirst Bank,    Attn: Bankruptcy Dept.,    999 NW Grand Boulevard,
                  Oklahoma City, OK 73118-6051
515206053       +Midland Mortgage Company/Mid First Bank,    Attention: Bankruptcy,    Po Box 26648,
                  Oklahoma City, OK 73126-0648
515206054      ++NISSAN MOTOR ACCEPTANCE CORPORATION,    LOSS RECOVERY,    PO BOX 660366,    DALLAS TX 75266-0366
                 (address filed with court: Nissn Inf Lt,     Attn: Bankruptcy,    8900 Freeport Parkway,
                  Irving, TX 75063)
515213051        Nissan - Infiniti LT,    POB 660366,    Dallas, TX  75266-0366

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg              E-mail/Text: usanj.njbankr@usdoj.gov Jun 13 2020 00:58:23     U.S. Attorney,    970 Broad St.,
                  Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 13 2020 00:58:21     United States Trustee,
                  Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                  Newark, NJ 07102-5235
                                                                                              TOTAL: 2

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*             +Loan Wolf LLC,    40 Fox Hill Road,    Pound Ridge, NY 10576-1908
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 14, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 12, 2020 at the address(es) listed below:
              Brian C. Nicholas    on behalf of Creditor    MIDFIRST BANK bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Denise E. Carlon    on behalf of Creditor    MidFirst Bank dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Hetal  Patel    on behalf of Debtor Remmill J. Valenzuela nadiafinancial@gmail.com,
               patel.fitzlaw@gmail.com
              Joshua I. Goldman    on behalf of Creditor    MidFirst Bank josh.goldman@padgettlawgroup.com,
               bkgroup@kmllawgroup.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Nicholas Fitzgerald    on behalf of Debtor Remmill J. Valenzuela Fitz2Law@gmail.com
              Rebecca Ann Solarz    on behalf of Creditor    MidFirst Bank rsolarz@kmllawgroup.com
                                                                                             TOTAL: 7